IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL REEVES, | No. 2:22-CV-02084-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| DIESSLIN, et al., | |
| Defendants. | |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 5.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff fails to provide any facts indicating that appointment of counsel is warranted, since he is able to articulate his claims on his own due to the absence of significant complexity of the legal issues in dispute. Further, there is no showing of a likelihood of success on the merits. See ECF No. 5, pg. 1. Plaintiff provides that he has written letters to three attorneys without response, and that he has "limited knowledge of the law." Id. Plaintiff has failed to provide any facts supporting extraordinary need. Id. Thus, Plaintiff has failed to satisfy the standard set forth in Terrell.

Plaintiff's stated circumstances such as the lack of knowledge and difficulties in obtaining legal counsel are common to almost all prisoners and, as such, not extraordinary. A review of the filings to date indicates that Plaintiff can articulate his claims on his own, which are neither factually nor legally complex, inasmuch as he independently prepared and filed a civil rights complaint, motion to proceed in forma pauperis, and requested the assistance of counsel. Further, at this stage of the proceedings, it cannot be said that Plaintiff has established a particular likelihood of success on the merits, as Plaintiff's complaint has not yet been screened, as required under 28 U.S.C. § 1915A(a).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 5, is denied.

Dated:  December 9, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE