IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL REEVES,<br><br>    Plaintiff,<br><br>    v.<br><br>DIESSLIN, et al.,<br><br>    Defendants. | No. 2:22-CV-02084-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following parties as defendants: (1) Diesslin, the Assistant Unit Supervisor (AUS) at Parole Region North; (2) Parole Agent Lewis; and (3) Parole Agent Mejia.

Plaintiff alleges that Parole Agents Lewis and Mejia violated her Eighth Amendment and Fourteenth Amendment rights.  Separately, Plaintiff alleges that AUS Diesslin violated her Eighth and Fourteenth Amendment Rights.

Defendants Lewis and Mejia

Plaintiff alleges that Parole Agents Lewis and Mejia violated her Eighth and Fourteenth Amendment Rights on November 30, 2021.  See ECF No. 1 at 3.  Plaintiff states that she was behind a locked door in the shower area and heard the door unlock.  See id.  After the door was unlocked, two unidentified individuals rushed through the door and "forced her to drop all items in [her] hands" and "aggressively 'manhandl[ed] [Plaintiff] much more than the situation required while placing mechanical restraints on [her]."  See id.  Plaintiff claims she was "non-combative" and "suffered an upper extremity fracture" due to the aggression of her assailants.  See id.  Plaintiff states that she "attempted to question the nature of their aggression" when Agent Lewis "forcefully grabber [her] by [her] head and neck and turn[ed]" her in hopes of preventing her from identifying the Agents.  See id. Plaintiff contends that at this point she was able to identify the assailants as Parole Agents Lewis and Mejia.  See id.

///

///

1       <u>Defendant AUS Diesslin</u>

2       Plaintiff alleges that AUS Diesslin is liable for the alleged actions of Parole Officer Lewis and Mejia. <u>See</u> ECF No. 1 at 4. Plaintiff claims that Defendant Diesslin "failed to intervene while watching his agents (Mejia and Lewis) use of excessive force on a non-combative Parolee." <u>See id.</u> Plaintiff alleges that Diesslin's supervisory position along with his failure to take control of the situation and failure to protect Plaintiff violated Plaintiff's Fourteenth and Eighth Amendment rights. <u>See id.</u>

## II. DISCUSSION

Plaintiff Reeves' Eighth Amendment and Fourteenth Amendment claims against defendants Lewis and Mejia are cognizable. But Plaintiff Reeves' claims against AUS Diesslin are not cognizable because they rely on a theory of respondeat superior liability.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. <u>See</u> <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. <u>See id.</u> The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. <u>See</u> <u>Redman v. Cnty of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in

3

civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

The complaint does not allege AUS Diesslin participated in or directed the alleged violations. See ECF No. 1 at 4. Because AUS Diesslin had no personal involvement with the alleged violation, she cannot be held liable. See Taylor, 880 F.2d at 1045. Reeves will be granted leave to amend her claim.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: July 31, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE