1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    EMMANUEL REEVES,                          No.  2:22-CV-2084-DMC-P

12                    Plaintiff,

13         v.                                    ORDER

14    DIESSLIN, et al.,

15                    Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.   Pending before the Court is Plaintiff's motion for the appointment of counsel,

19    ECF No. 15.

20              The United States Supreme Court has ruled that district courts lack authority to

21    require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist.

22    Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may request the

23    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

24    F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25    A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26    on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27    complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

28    dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

                                                 1

1 | Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment

2 | of counsel because:

3
4   > . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
5
6   > Id. at 1017.

7 | In the present case, the Court does not at this time find the required exceptional

8 | circumstances.  Plaintiff asserts that appointment of counsel is warranted because he is

9 | incarcerated and indigent.  These represent typical and not exceptional circumstances for inmates

10 | pursuing litigation in federal court.  Plaintiff also asserts that a trial in this matter will likely

11 | involve conflicting testimony.  At this point of the proceedings, however, before any defendant

12 | has been served or discovery conducted, the Court cannot evaluate this assertion.  Finally, a

13 | review of the docket reflects that Plaintiff has so far been able to sufficiently articulate his claims

14 | on his own.

15 | Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the

16 | appointment of counsel, ECF No. 15, is denied.

17

18 | Dated:  September 1, 2023

19
20   DENNIS M. COTA
     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28