**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMMANUEL REEVES, | No.  2:22-CV-2084-TLN-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JEFFREY LEWIS, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983.  Final judgment was entered on August 23, 2024.  Pending before the Court in this closed case is Plaintiff's motion for reconsideration, filed on October 31, 2025.  See ECF No. 24.

On May 24, 2024, the Court determined Plaintiff's first amended complaint was appropriate for service and directed Plaintiff to submit to the Court within 30 days the documents necessary for service by the United States Marshal.  See ECF No. 18.  The order was served on Plaintiff at his address of record at the time – 400 Bannon Street in Sacramento, California.  As of July 10, 2024, Plaintiff had not complied, and the Court issued findings and recommendations that this action be dismissed without prejudice for lack of prosecution.  See ECF No. 19.  The findings and recommendations were also served on Plaintiff at his address of record at 400 Bannon Street.  Plaintiff did not file any objections to the July 10, 2024, findings and

1

recommendations.  On August 23, 2024, the findings and recommendations were adopted in full by the assigned District Judge and final judgment was entered.  See ECF Nos. 20 and 21.

On October 14, 2025 – over a year after judgment was entered – Plaintiff filed a request for status and notice of change of address to the Sacramento County Main Jail.  See ECF No. 22.  The Clerk of the Court responded on October 29, 2025, by providing Plaintiff a courtesy copy of the docket showing that the matter had been closed in August 2024.  See ECF No. 29.  Plaintiff filed the pending motion for reconsideration on October 29, 2025.  See ECF No. 24.

The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the Court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the Court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.

See Fed. R. Civ. P. 60(b)(1)-(3).  A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).  Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief.  See Fed. R. Civ. P. 60(b)(4)-(6).  A motion for reconsideration on any of these grounds must be brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff does not specify under which rule he seeks reconsideration.  Rather, Plaintiff states that he never received the Court's order directing submission of service documents and asks that he be provided another opportunity to comply.  See ECF No. 24.  The Court finds that Plaintiff's motion is untimely under Rule 59(e) because it was not filed within 28 days after entry of final judgment in August 2024.  The Court also finds that the motion is untimely under Rule 60(b)(1)-(3) because it was not filed within one year of entry of final Judgment in August 2024.  The motion is also untimely under Rule 60(b)(4)-(6) because it was filed 14 months after entry of judgment, which the Court finds was not within a "reasonable time" after the August 2024 judgment.

Finally, relief under Rule 60(a) is not warranted because Plaintiff does not identify any clerical mistake.  Specifically, as outlined above, notwithstanding Plaintiff's assertion that he never received the Court's order directing submission of service documents, the Court's docket reflects that the order to submit documents, as well as the Court's findings and recommendations, were served on Plaintiff's record at the time.  Mail served on Plaintiff's address of record was not returned and Plaintiff did not change his address until after judgment was entered.

///
///
///
///
///

3

Based on the foregoing, the undersigned recommends that Plaintiff's motion for reconsideration, ECF No. 24, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 30, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE